**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

LISA PROCTOR,                                          Case No. 1:09-cv-127

                Plaintiff,                          Beckwith, J.
                                                Bowman, M.J.

      v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

### REPORT AND RECOMMENDATION

Plaintiff has been seeking social security benefits for seven and a half years, and has been represented by the same attorney for seven of those years.  Recently, Plaintiff was awarded benefits retroactive to 2004.  In two separate motions, Plaintiff's counsel seeks an award of attorney's fees.

### I. Background

Briefly, Plaintiff filed applications for SSI and DIB benefits in August 2005, was denied initially and upon reconsideration, and again after a *de novo* hearing before an Administrative Law Judge ("ALJ").   After exhausting her administrative remedies and in due course, on February 20, 2009, Plaintiff, through counsel, filed suit in this Court to appeal the Commissioner's adverse decision.  Pursuant to local practice, the case was assigned to United States Magistrate Judge Timothy Hogan, who recommended that the Commissioner's decision be reversed and remanded for further fact-finding.  (Doc. 14).  On October 12, 2010, the presiding district judge adopted that Report and

Recommendation ("R&R") for the opinion of the Court, (Doc. 15).   Accordingly, judgment was entered, and this Court's case closed.  (Doc. 16).

On December 10, 2010, Plaintiff's counsel timely filed a motion seeking attorney fees and expenses in the amount of $3,247.70, pursuant to the Equal Access to Justice Act ("EAJA").  (Doc. 17).  The Commissioner filed a response in opposition to that motion, urging the Court not to award any fees on grounds that the Commissioner's prior denial of benefits was "substantially justified," a position with which Plaintiff disagreed in a reply filed January 10, 2011.

Notwithstanding the fact that Plaintiff's motion for fees under the EAJA has remained pending for more than two years, the motion has never been ruled upon. While the reasons for that are not entirely clear, it is likely that the oversight was due to the retirement of Magistrate Judge Hogan,[1] to whom the case had been assigned, and an administrative error whereby the properly closed case was not initially reassigned to a new magistrate judge for ruling on the post-judgment motion.  Plaintiff never brought the unresolved fee petition to the Court's attention, but continued to pursue benefits during the remand proceedings directed by this Court's 2010 judgment.

On March 4, 2012, Plaintiff (and her attorney) were notified that Plaintiff was to be awarded monthly disability benefits, including a lump sum reflecting past due benefits of $54,146.00 for the period of December 2004 through November 2011.  The Social Security Administration withheld $13,536.50 from the award of past-due benefits

---

[1]Magistrate Judge Hogan retired from this Court in October 2010.

for potential attorney compensation, an amount that reflects a statutory maximum fee of 25% of any benefits award. Two days later, on March 6, 2012, Plaintiff's counsel filed a new motion for attorney fees, pursuant to Section 205(b) of the Social Security Act, 42 U.S.C. §406(b).  (Doc. 20).  Plaintiff's new motion for fees indicates that counsel has already received fees for the work he performed at the administrative level, in the amount of $6,000.00; therefore, the motion seeks an additional award of $7,536.50 as the balance of the maximum fee authorized by statute.[2]  In September 2012, this case was referred to the undersigned magistrate judge.  (Doc. 21).

For the reasons explained herein, I now recommend that Plaintiff's later-filed motion for attorney fees under §406(b) be GRANTED, and that the original motion for fees under the EAJA be DENIED.

**II.  Analysis**

**A.  Double Recovery Not Permitted**

The EAJA, which broadly applies outside of the social security context, authorizes the Court to require the United States to pay an award of attorney's fees and costs to a "prevailing party" in a civil action brought against the United States or one of its agencies or officials.  *See* 28 U.S.C. §2412(d)(1)(A).  In the social security context, such an award has no impact upon a claimant's future award of benefits, because the award essentially comes from the claimant's adversary.  By contrast, §206(b) of the Social Security Act permits the Court to require the successful claimant to pay a portion

---

[2]A different provision, 42 U.S.C. §406(a), provides the basis for counsel's fee award based upon

of his or her award of DIB benefits, up to 25%, to his or her counsel – most often in conformity with a contingent fee agreement.[3]  Obviously, an award under §406(b) directly reduces the amount of the claimant's benefits.

Despite the differences between the two statutes in terms of the funding source and impact on any award of benefits, Congress has made clear that an attorney may not obtain a double-recovery for the same work.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796, 122 S. Ct. 1817 (2002); *see also Jankovich v. Bowen*, 868 F.2d 867, 871 n. 1 (6th Cir. 1989).   In cases where an attorney first receives an EAJA award and then subsequently seeks an award under §406(b), he or she is required to remit to the claimant the smaller of the two awards.  *Id.*  The instant case is typical, to the extent that the amount of the EAJA award initially sought from the United States ($3247.70) pales in comparison to the total recovery allowable directly from claimant's past-due benefits fund ($13,536.50).

As discussed below, the record presented supports an award of fees under §406(b).  Because double-recovery is not permitted, the Court will focus exclusively on the §406(b) motion.  Not surprisingly, in light of the fact that any award would come from the claimant's and not Defendant's pocket, the Defendant has filed no opposition to the §406(b) motion.

---

his work at the administrative level.
    [3]Section 406(b) "covers only attorneys whose clients bring successful claims under Title II of the Social Security Act."  *Napier v. Comm'r*, 190 Fed. Appx. 458, 459-60 (6th Cir. 2006)(additional citations omitted); *see also Hale v. Comm'r of Soc. Sec.*, 2011 WL 59209114 (W.D. Mich. Oct. 25, 2011)(holding that statute does not permit recovery based upon award of SSI benefits, for which fees must be sought under 42 U.S.C. §1383(d)(2)).

**B.  Timeliness of Motion**

Before turning to the merits of the unopposed motion, however, another procedural issue confronts this Court:  is the motion timely?[4]

The issue of when a motion must be filed under §406(b) of the Social Security Act has divided other federal courts, but remains unresolved in the Sixth Circuit.  The problem arises because the statute itself contains no explicit time limit, but permits a court that "renders a judgment favorable to a claimant," to "determine and allow *as* part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. §406(b)(1)(A).

Although the Plaintiff ultimately received an award of past-due benefits "by reason of such judgment," the reversal of the Commissioner's decision in 2010 did not entitle Plaintiff to an immediate award, but instead required further evaluation by the Commissioner.  The obvious dilemma is how this Court might "allow as part of its judgment" a fee award to Plaintiff's counsel in 2013 - nearly two and a half years after that judgment was entered and this case was closed?

A district court's judgment directing a remand under sentence four is a "final

---

[4]As other courts have noted, the defendant Commissioner "has no financial incentive to assert a challenge to the timeliness" of a motion for section 406(b) attorney's fees.  *See Hale v. Comm'r of Soc. Sec.*, 2011 WL 59209114 at *3.  A court in this district declined to consider the timeliness of a Rule 406(b) motion filed four months after counsel received notice of an award of benefits, based in part upon the lack of opposition by the Commissioner, and the fee agreement between the plaintiff and her attorneys.  *See McCullers v. Astrue*, 2011 WL 5526366 (S.D. Ohio, Nov. 14, 2011)(Black, J.); *see also Bentley v. Comm'r*, 524 F. Supp.2d 921, 924 (W.D. Mich. 2007) (recognizing the lack of financial interest that would prompt the Commissioner to object to an untimely petition for fees, but nevertheless stating that the Commissioner's failure to object was "not insignificant.").

order" for purposes of calculating filing deadlines, and "terminate[s] the civil action seeking judicial review of the Secretary's final decision," thus providing a "judgment" that provides starting point for any filing deadline. *See Shalala v. Schaefer*, 509 U.S. 292, 299 (1993)(internal quotation marks and citation omitted). Again, that judgment was entered on October 12, 2010. Most courts have determined that the time frame for filing a petition for fees pursuant to §406(b) is governed by Rule 54(d)(2), Fed. R. Civ. P., which requires that any motion for attorney's fees be filed "no later than 14 days after the entry of judgment, unless otherwise provided by court order or statute." Obviously, in this instance that 14-day period would have expired in 2010.

To avoid this harsh result, a majority of courts addressing the issue have applied Rule 54(d)(2) in combination with equitable tolling to dramatically extend the time period for filing a motion for attorney's fees under §406(b). *See, e.g., Walker v. Astrue,* 593 F.3d 274, 276 (3rd Cir. 2010); *Bergen v. Commissioner of Soc. Sec.,* 454 F.3d 1273, 1277 (11th Cir. 2006); *Pierce v. Barnhart*, 440 F. 3d 657, 663 (5th Cir. 2006); *see also Garland v. Astrue*, 492 F. Supp.2d 216, 219 (E.D.N.Y. 2007)(declining to determine whether Rule 54 or Rule 60 applies to Rule 406(b) motions); *see also Marcum v. Astrue*, 2008 WL 4831776, *2 (D.S.C. Oct. 28, 2008)(holding motion untimely under Rule 54).

The need for a judicially crafted rule of equitable tolling is clear. As explained by the Third Circuit in *Walker*:

> The problem…is that a strict application of Rule 54(d)(2)'s fourteen-day filing deadline is impossible where a court remands …for administration

6

> determination of benefits.  By its terms, §406(b) conditions the right to fees on the award of benefits and caps those fees at twenty-five percent of the awarded benefits.  Thus a court cannot determine whether a right to a fee award exists and what the value of that fee award should be until the administrative remand proceeding is complete and the amount of benefits is fixed.  However, a remand under 42 U.S.C. §406(g) would rarely, if ever, be completed within fourteen days of the remand order.  Therefore, a timely Rule 54(d)(2) motion for fees, filed within fourteen days of the remand order, is necessarily premature, and a similar motion filed after the administrative determination of benefits is most likely untimely.

*Id.* at 278 (footnote omitted).  As stated, a growing majority of federal courts have therefore applied equitable tolling to fashion a new deadline for §406(b) motions.

Seeking an alternative to having to equitably adjust Rule 54(d)(2), the Tenth Circuit alone holds that the "reasonable time" limit of Rule 60(b) applies instead to determine whether a §406(b) motion is timely.  *See McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006).  But Rule 60 presents its own procedural difficulties.  The *Walker* court describes Rule 60 as "an inappropriate vehicle for fee petitions," drawing the analogy to the similar purposes of Rule 59 and the Supreme Court's proscription against using that rule for fee petitions.  *Id.* at 279, citing *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 455, 451 (1982).  Indeed, "[t]here is significant legal authority suggesting that the Sixth Circuit would decline to adopt the Tenth Circuit's indefinite "reasonable" time approach, because it abandons any attempt at principled application of the specific attorney's fee provision found in Rule 54(d)(2)(B)."  *Hale*, 2011 WL 59209114 at *4 (discussing cases).

The undersigned agrees that Rule 60 is inapposite, and a motion under §406(b) can only be made through Rule 54(d)(2), notwithstanding the need to apply equitable

tolling in most if not all such cases. *Walker* applies a sensible rule, holding that "the application of the filing deadline is tolled until the notice of award is issued by the Commissioner and counsel is notified of that award." *Id.* at 280. Using that tolling provision, attorneys have "fourteen days from notification of the notice of award to file a fee petition in the district court." *Id.* In the absence of a binding local rule[5] or persuasive precedent to the contrary, the undersigned finds the motion to be timely. *Accord Bentley v. Comm'r of Soc. Sec.*, 524 F. Supp.2d 921, 924 (W.D. Mich. 2007)(declining to adopt a rule in all future cases given lack of Sixth Circuit precedent, but applying equitable tolling and Rule 54(d)(2) on facts presented).

Here, counsel received notice of the benefits award on March 4, 2012, and promptly filed his Rule 406(b) motion just two days later, on March 6, 2012. Thus, counsel filed his petition for fees well within fourteen days of the date of the fee award. Using the notice date of the fee award as the starting point for the basis of equitable tolling under Rule 54(d)(2), rather than this Court's judgment date of October 12, 2010, the motion would be considered timely under the Third, Fifth, and Eleventh Circuit's approach and arguably, even under the Tenth Circuit's "reasonable" approach. Applying Rule 54(d)(2) and equitable tolling, the undersigned finds the instant §406(b) motion to be timely filed.

---

[5]Rule 54(d)(2)(D) permits courts to establish alternate procedures by local rule. In fact, the United States District Courts for the Eastern District and Western District of Kentucky have promulgated a local rule that clarifies that the time limit for filing an attorney's fee petition under §406 is "thirty (30) days" after "a final favorable decision for plaintiff." *See Robertson v. Astrue*, 2011 WL 4737603 (W.D. Ky. Oct. 6, 2011)(discussing interpretation of LR 83.11 but applying equitable tolling to facts presented). The Eastern District of Michigan has promulgated a similar local rule. *See Young v. Astrue*, 2012 WL

8

### C.  Merits of Motion

Even with an unopposed motion, the burden remains upon the attorney claiming the award to demonstrate his entitlement to the fee and the reasonableness of the fee award he or she seeks.  *Gisbrecht v. Barnhart*, 535 U.S. at 807.  At the same time, an award of fees out of past-due benefits under §406(b) is discretionary, and will not be reversed absent an abuse of discretion. *See Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 856 (6th Cir.1997) ("This court will reverse a fee award decision upon finding an abuse of discretion."); *c.f.*, *Pierce v. Barnhart*, 440 F.3d 657, 663 (5th Cir. 2006).

Plaintiff's motion is supported by a memorandum citing applicable legal authority, as well as a copy of the March 2012 Notice of benefits, a contemporaneous time record that details 16 hours and 15 minutes of work performed in this Court, and a copy of Plaintiff's contingency fee agreement.  (*See* Doc. 20).  Having reviewed the motion and supporting documentation, the undersigned finds the contingency agreement to be fair and reasonable under the circumstances presented in this case.  *See generally Gisbrecht*, 535 U.S. at 807-809 (holding that courts must review contingent fee agreements in social security cases to assure that they yield "reasonable results in particular cases.").  Accordingly, counsel should be awarded the full amount of fees sought in his motion.

### III.  Conclusion and Recommendation

For the reasons discussed herein, **IT IS RECOMMENDED THAT**:

---

3816519 (E.D. Mich., June 27, 2012)(discussing E.D. Mich. LR 54.2(a), and applying equitable tolling).

9

1.   Plaintiff's 2010 motion seeking a fee award under the EAJA (Doc. 17) be DENIED as implicitly withdrawn and moot, in light of the more recently filed motion for fees;

2.   Plaintiff's   motion for approval of attorney's fees under 42 U.S.C. §406(b) (Doc. 20) be GRANTED, with Plaintiff's counsel to be awarded the sum of $7,536.50, representing the balance of the fees owed under counsel's contingency fee agreement.


                                        *s/ Stephanie K. Bowman*
                                        Stephanie K. Bowman
                                        United States Magistrate Judge

10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

LISA PROCTOR,                                              Case No. 1:09-cv-127

              Plaintiff,                                    Beckwith, J.
                                                          Bowman, M.J.

    v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

11